MERRIMAN S. SMITH, JUDGE.
In April, 1946, the Crescent Brick Company, a Delaware corporation, and duly registered in West Virginia, filed its annual license tax report and paid to the auditor of the state of West Virginia the sum of $333.40 for the year from July 1, 1946 to June 30, 1947.
*119 In the meantime and prior to July 1, 1946 the Crescent Brick Company sold all of its holdings in West Virginia to the Crescent Brick Company, Inc., incorporated in the state of West Virginia on June 21, 1946. On July 1, 1946 the new company succeeded to the operations formerly carried on by the old company.
The new Crescent Brick Company, Inc., also paid its annual license tax for the year beginning July 1, 1946, to June 30, 1947 inclusive, the same period for which the old corporation, the Crescent Brick Company, had made payment.
From the stipulation of facts as agreed upon by the claimant and the assistant attorney general as presented to this court, it appears that the claimant corporation did not do any business in the state of West Virginia after July 1, 1946 except for final liquidation and dissolution proceedings which wyere carried on outside of the state of West Virginia, all of its business and operations being carried on by its successor within this state after July 1, 1946.
Since the claimant had paid its license tax before it had anticipated withdrawing from the state of West Virginia, and did withdraw and ceased operations before the beginning of the fiscal license tax year, it now asks for the refund of the tax paid to the auditor of the state of West Virginia, that is $338.40.
The license tax for the year beginning July 1, 1946 to June 30, 1947 veas not due the state until July 1, 1946 and since the claimant corporation could not and did not anticipate its withdrawal from the state prior to the beginning of the tax year, the opinion of this court is that this is a just obligation and a refund of the tax paid should be made to the claimant.
There is no statutory remedy provided in such case for refund, but we are of opinion that this is a just and meritorious obligation imposed upon the state and the claimant *120 should be reimbursed, otherwise it would be imposing a penalty for prompt payment of taxes whereas such practice should be encouraged rather than penalized.
An award in the amount of three hundred thirty-three dollars and forty cents ($333.40) is hereby recommended to be paid to the claimant, Crescent Brick Company.